IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**DY POL**, )
)
       Plaintiff, )
)
  v. ) 2:11cv740
) **Electronic Filing**
**BUTLER COUNTY COURT** )
**DOMESTIC RELATION SECTION,** )
)
       Defendant. )

## MEMORANDUM ORDER

AND NOW, this 18th day of April, 2013, upon due consideration of defendant's motion to dismiss and plaintiff's brief in opposition thereto, IT IS ORDERED that [6] the motion be, and the same hereby is, granted. Accordingly, the action is dismissed. The Clerk shall mark the case closed.

Plaintiff commenced this action claiming that he was treated differently than other Caucasian males who were sentenced for contempt of court for failure to pay child support. Plaintiff complains that he sought relief in the form of having "a reduction in my purge [amount]," modification and the ceasing of support payments while he was incarcerated, and for sentence reduction. On these as well as other occasions his motions and requests for relief were denied even though he raised instances where Caucasian males were treated more favorably. See generally Complaint (Doc. No. 3). Plaintiff seeks an award of money damages. Id.

Defendant the Domestic Relations Section of Butler County Court moves to dismiss the action on the grounds of Eleventh Amendment immunity. Plaintiff opposes the motion on the ground that the court is run by the people who work in the court and who necessarily made the decisions to treat him unfairly. These individuals abused their authority and as a result defendant must be held accountable for the resulting civil rights violations. Without appropriate

accountability, defendant and those whose work in county court will continue to abuse their power and act without taking the underlying facts into consideration. Plaintiff's Brief in Opposition (Doc. No. 10).

Suits against the state are barred by the Eleventh Amendment.[1] Alabama v. Pugh, 438 U.S. 781, 781-82 (1978). Eleventh Amendment immunity applies to suits against the state regardless of the relief sought. In re Kish, 212 B.R. 808, 814 (Bkrtcy D. N.J. 1997) ("the 'jurisdictional bar [of the Eleventh Amendment] applies regardless of the relief sought'") (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100–01 (1984)); see also Cory v. White, 457 U.S. 85, 90, (1982) ("It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the state itself simply because no money judgment is sought.").

Suits against a state agency or a state department are considered to be suits against a state which are barred by the Eleventh Amendment. In re Kish, 221 B.R. 118, 124-25 (Bkrtcy. D. N.J. 1998) (quoting Geis v. Board of Educ. of Parsippany–Troy Hills, Morris Cnty., 774 F.2d 575, 580 (3d Cir.1985)); accord Hafer v. Melo, 502 U.S. 21, 25 (1991); Haybarger v. Lawrence County Adult Probation And Parole, 551 F.3d 193, 198 ("the Eleventh Amendment applies to suits against subunits of the State") (citing Pennhurst, 465 U.S. at 100). And suits against state officials for acts taken in their official capacity must be treated as suits against the state. Hafer, 502 U.S. at 25.

"The Commonwealth [of Pennsylvania] vests judicial power in a unified judicial system, and all courts and agencies of [that system] are part of the Commonwealth government rather

---

[1] The Eleventh Amendment "enacts a sovereign immunity from suit, rather than a nonwaivable limit on the federal judiciary's subject-matter jurisdiction." Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997).

2

than local entities." Haybarger, 551 F.3d at 198 (citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240-41 (3d Cir.2005) and Pa. Const. art. V, § 1)). It is likewise settled that "Pennsylvania's judicial districts ... are entitled to Eleventh Amendment immunity." Id.

The Domestic Relations Section is a subunit of the Butler County Court of Common Pleas, and thus it is a subunit of the Commonwealth's unified judicial system. See 42 Pa.C.S.A.§ 961 ("Each court of common pleas shall have a domestic relations section . . ."); accord Chilcott v. Erie County Domestic Relations, 283 Fed. Appx. 8, 10 (3d Cir. 2008) ("Furthermore, the District Court properly dismissed the suit against the Erie County Prison and the Erie County Domestic Relations Section of the Erie County Court of Common Pleas because the Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens.").

The Butler County Domestic Relations Section is a subunit of the Butler County Court of Common Pleas. The Butler County Court of Common Pleas is a state entity. Immunity attaches to the actions of the Butler County Domestic Relations Section pursuant to the Eleventh Amendment. Accordingly, plaintiff's claims against this entity must be dismissed.

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc: Dy Pol
     191 Neupert Road
     Cabot, PA 16023
     (*Via First Class Mail*)

     Geri Romanello St. Joseph, Esquire
     (*Via CM/ECF Electronic Mail*)